UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DANIEL D. VIVIAN, a Michigan resident**

      **Plaintiff,**

V.                                        Case No:  2:11-CV-150-FtM-SPC

**THEODORE BEAHM and HELEN BEAHM**

      **Defendants.**

_____/

## ORDER

This matter comes before the Court on Defendants, Theodore and Helen Beahm's Motion to Quash Subpoena and Motion for Protective Order (Doc. #47) filed on June 13, 2012.  On June 6, 2012, the Plaintiff, Daniel D. Vivian, requested a Subpoena to Produce Documents, Information, or Objects to allow examination of a claim file, held by Universal Property and Casualty Insurance Company (UPCIC), a non-party, relating to the Defendants.  After learning of the Subpoena, the Defendants filed this Motion to Quash Subpoena and Motion for Protective Order (Doc. #47) on June 13, 2012.

Fed. R. Civ. P. 45(c)(3)(A)(iii) provides that "[o]n a timely motion, the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter."  However, before this Court analyzes whether the subpoena should be quashed, the Court must first look to whether the Defendants have standing to challenge the subpoena.

In the Eleventh Circuit, the general rule is that a party lacks standing to challenge subpoenas served on another, unless that party alleges a "personal right or privilege with respect

to the materials subpoenaed." Armor Screen, Corp. v. Storm Catcher, Inc., 2008 WL 5049277 * 2 (S.D. Fla. November 25, 2008) (quoting Brown v Braddiek, 595 F. 2d 961, 967 (5th Cir, 1979)).[1]  On numerous occasions, courts in this district have held that a party fails to have standing to challenge a subpoena served on a non-party, unless the subpoena seeks information relating to the party that is privileged.  See Nathai v. Florida Detroit Diesel-Allison, Inc., 2009 WL 2424570 (M.D. Fla. Aug. 5, 2009); Anglin v. Maxim Healthcare Services, Inc., 2009 WL 928305 (M.D. Fla. Apr. 3, 2009); Maxwell v. Health Ctr. of Lake City, Inc., 2006 WL 1627020 (M.D. Fla. June 6, 2006).  Therefore, in this case, in order to determine whether the Defendants have standing to challenge the subpoena served on UPCIC by the Plaintiff, the Court must first determine whether the information sought in the subpoena is in fact privileged.

Case law from the Middle District of Florida indicates that absent a bad-faith claim against the insurer, an insurer's entire claim file is privileged material that does not have to be disclosed.  See Cozort v. State Farm Mut. Auto. Ins. Co., 233 F.R.D. 674 (M.D. Fla. 2005); St. Joe Co. v. Liberty Mut. Ins. Co., 2006 WL 3391208 (M.D. Fla. Nov. 22, 2006); Altheim v. GEICO Gen. Ins. Co., 2010 WL 5092721 (M.D. Fla. Dec. 8, 2010).  The instant case does not involve a bad-faith claim against an insurer; therefore, the material sought by the subpoena, the claim file in its entirety, is privileged.  As shown above in the case law of Nathai, Anglin, and Maxwell, because the information sought by the subpoena directly relates to the Defendants' claim as the insured's and is privileged, the Defendants retain standing to challenge the subpoena.

---

[1]   In Bonner v. The City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

A person from whom discovery is sought may move under Fed. R. Civ. P. 26(c) for a protective order limiting disclosure or for providing confidentiality. Rule 26(c) allows the Court to issue a protective order to limit discovery and make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Moore v. Potter, 141 Fed. Appx. 803, (11th Cir. 2005) (citing Fed. R. Civ. P. 26(c)). A protective order should be entered only when the movant makes a particularized showing of "good cause" and specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements and unsupported contentions do not suffice. Gulf Oil Company v. Bernard, 452 U.S. 89, 102 n. 16, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981); Cipollone v. Leggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986). Courts have broad discretion at the discovery stage to determine whether or not a protective order is appropriate and what degree of protection is required. Seattle Times v. Rhinehart, 467 U.S. 20, 36-37, 104 S. Ct. 2199, 81 L. Ed. 2d 17(1984).

Whether good cause exists for a protective order is a factual matter to be decided by the nature and character of the information in question. Chicago Tribune Co. V. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1315 (11th Cir. 2001). When issuing a protective order the Court must articulate its reasons for granting the protective order sufficient to allow for appellate review. Additionally, the Court must evaluate and balance the interests of the parties and the non-parties concerning dissemination of discovery material. In Re Alexander Grant & Co. Litigation, 820 F.2d 352, 355- 357 (11th Cir. 1987).

It appears that the Defendants provided all non-privileged documents to the Plaintiff and provided a privilege log that detailed what documents were withheld from the claim file. In

addition, the copy of the privilege log provided to the Court clearly articulates the specific reasoning as to why the Defendants withheld each document, a description of the document, the author, the recipient, the date, and the number of pages. (Doc. #57-1, P. 2-5). However, it is the Court's understanding that the Defendants' former counsel voluntarily provided John Rumplasch's Cause and Origin Report to the Plaintiff. (Doc. #60, P. 2). This Court recognizes that privilege can be waived by voluntarily producing privileged documents to other parties. *See* U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp., 630 F. Supp. 2d 1332, 1341 (M.D. Fla. 2007) (Attorney waived privilege by producing documents to other parties). Thus, because the Defendants' former counsel voluntarily produced John Rumplasch's Cause and Origin Report to the Plaintiff, the Cause and Origin Report is excluded from the protective order.

After evaluating and balancing the interests of the parties and the non-parties concerning dissemination of the entire claim file, the Court finds good-cause to grant the Motion for Protective Order in part and Quash the Subpoena served on UPCIC.

Accordingly, it is now **ORDERED:**

Defendants, Theodore and Helen Beahm's Motion to Quash Subpoena and Motion for Protective Order (Doc. #47) is **DENIED** as to John Rumplasch's Cause and Origin Report and investigative materials used in preparation thereof, and **GRANTED** with respect to the remainder of the Claim file. The Subpoenas Duces Tecum are hereby **QUASHED** with the above listed exception.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of July, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record