# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

**DANIEL D. VIVIAN, a Michigan resident**

   **Plaintiff,**

**V.**         **Case No:  2:11-CV-150-FtM-SPC**

**THEODORE BEAHM and HELEN BEAHM**

   **Defendants.**

_____/

## ORDER

   This matter comes before the Court on the Defendants, Theodore and Helen Beahm's Motion for Final Summary Judgment (Doc. #48) filed on June 13, 2012.  The Plaintiff, Daniel D. Vivian, filed a Response to Defendants' Motion for Final Summary Judgment on June 27, 2012. (Doc. #56).  Thus, the Motion is now ripe for review.

## MATERIAL FACTS

   In this case, the Plaintiff and Defendants owned connecting coach home units. Specifically, the Plaintiff resided in a coach home unit directly above the Defendants' residence. (Doc. #48, P. 1).  On December 26, 2008, a fire occurred in the Defendants' garage, which allegedly caused severe damage to the Plaintiff's unit.  (Doc. #1, P. 2).  The Plaintiff alleges that the fire caused "losses of approximately \$176,729.72 in content losses and approximately \$45,000 in building value losses."  (Doc. #1, P. 2).

   Neither party disputes the fact that one of the Defendants, Theodore Beahm, testified in depositions to hanging Christmas lights on his coach home every year from 2004 through 2008;

however, both parties dispute the cause of the fire in question.  The Plaintiff further alleges that the Defendants used a 15 amp extension cord to plug in the Christmas lights into a 20 amp electrical socket.  (Doc. #56, P. 2).  In the Motion for Final Summary Judgment, the Defendants allege that several testifying experts have reviewed the subject fire and were unable to determine the cause.  (Doc. #48, P. 2).  Conversely, the Plaintiff points to a fire analysis conducted by John A. Rumplasch, a fire damage investigator and consultant hired by the Defendants' insurance company.  In the fire analysis, Mr. Rumplasch states that it was "determined that the fire had originated at the extension cord that was intertwined and twisted within the metal rack shelving unit that supplied the electricity for the Christmas lights located at the front of the house."  (Doc. #56-3, P. 8).  Therefore, the Plaintiff alleges that the cause of the fire was the Defendants' negligent installation of Christmas Lights on the outside of the coach home, which were powered through an electrical outlet in the Defendants' garage.  (Doc. #1, P. 2).

## SUMMARY JUDGMENT STANDARD

In deciding a motion for summary judgment, the Federal Rules of Civil Procedure make clear that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material when "it might affect the outcome of the case under the governing law."  Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1518 (11th Cir. 1990).  Thus, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); Fed. R. Civ. P. 56(c)(1)(A).  After the moving party satisfies this initial responsibility, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552.  To make this showing, the non-moving party must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).

When evaluating whether there is a genuine issue of material fact, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255, 106 S. Ct. at 2513.  However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  Id. at 255, 106 S. Ct. at 2513.  "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial."  Tullius v. Albright, 240 F.3d 1317, 1320 (11th Cir.2001) (citing Clemons v. Dougherty County, 684 F.2d 1365, 1369 (11th Cir.1982)).

## DISCUSSION

In this case, the Plaintiff alleges that the fire that caused the damage to his property was caused by the Defendants' negligence.  In support of this Motion, the Defendants argue that the

"Plaintiff sets forth absolutely no facts or evidence [that] would support their allegation of negligence on the part of the [Defendants] and sets forth no facts or evidence to show that [the Defendants] breached any duty thereby resulting in [the] Plaintiff's alleged damages."  (Doc. #48, P. 4).  Moreover, the Defendants argue that "[t]o establish a prima facie case for negligence, a plaintiff must present sufficient evidence, beyond that of the accident alone, from which the jury may determine that the defendant breached a duty of ca[u]se." Burns v. Otis Elevator Corp., 550 So.2d 21 (Fla. 3d DCA 1989); (Doc. #48, P. 5).

Under Florida Law, the elements of a negligence claim are: "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury."  Zivojinovich v. Barner, 525 F.3d 1059, 1067 (11th Cir. 2008) (citing Clay Elec. Coop., Inc. v. Johnson, 873 So.2d 1182, 1185 (Fla.2003)).  Therefore, the Court must determine whether there is a genuine issue of material fact on any of these elements.

*1. Duty*

While addressing the duty element of negligence, the Florida Supreme Court held that while causation is normally a question for the jury, duty is a question of law for a court to decide. McCain v. Florida Power Corp., 593 So. 2d 500, 502 (Fla. 1992).  In determining whether one party owed a duty to another, Florida Courts rely on the "foreseeable zone of risk theory." Specifically, "[t]he duty element of negligence focuses on whether the defendant's conduct foreseeable created a broader 'zone of risk' that poses a general threat of harm to others."  Id. at 502.

In this case, the Defendants argue that the "[t]he duty alleged by the Plaintiff in the Complaint is not that which is recognized by law [that] would require the Defendant[s] to conform to a certain standard of conduct for the protection of others." (Doc. #48, P. 4).  Rather, that the "Plaintiff claims that common, everyday usage of Christmas lights, falling within the intended purpose of their use, somehow rises to the level of negligence."  (Doc. #48, P. 4). However, in the Response to this Motion, the Plaintiff states that this generalization is incorrect and that "the negligence was the Defendants failure to properly install their Christmas lights so as not to create a risk of fire to their neighbors."  (Doc. #56, P. 6).

In applying the "foreseeable zone of risk theory" to this case, the Court finds that the Defendants owed a duty to the Plaintiff.  The Defendants' alleged actions of wrapping the Christmas lights' extension cord around a metal rack, covering the extension cord with other materials, and plugging in a 15 amp extension cord into a 20 amp electrical outlet, creates a foreseeable zone of risk that could pose a general threat of harm to others.  Specifically, it could be foreseeable that such action could create a fire risk.

## 2. Breach of Duty

Unlike the element of duty, the Florida Supreme Court held that "breach . . . [is] ordinarily [a] question for the jury." Florida Dept. of Corr. v. Abril, 969 So. 2d 201, 204-05 (Fla. 2007).  Therefore, even though the Court found that a duty was owed, the element of breach entails whether or not a genuine issue of material fact should be presented to the jury. Specifically, whether the Defendants breached their duty depends on credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts, which are jury functions, not the Court's functions.  For example, the Plaintiff provided a copy of Mr.

Rumplasch's report, which states that the Defendant, Theodore Beahm, told Mr. Rumplasch that the Christmas lights were on at the time of the fire; however, during depositions, the Defendant, Theodore Beahm, testified that the Christmas lights were not on at the time of the fire. This creates a genuine issue of material fact, where the jury will have to conduct a credibility analysis regarding these statements.

In addition, both parties introduced contradictory expert opinions. Specifically, the Plaintiff introduced one fire expert's report concluding that the Christmas lights were the cause of the fire and also another expert's report that indicates evidence relating to the fire was missing, but it was scientifically plausible that the Christmas lights were the cause of the fire. (Doc. #56, Ex. 3, P. 8; Doc. #56, Ex. 6, P. 5). In contrast, the Defendant introduced evidence from a third expert that indicated that there is no supportive evidence relating to the extension cord being the cause of the fire. (Doc. #48, Ex. 1, P. 7). Therefore, a function of the jury will be to weigh this contradictory evidence. As shown above, there are genuine issues of material fact relating to the breach of duty element, which prevent summary judgment from being proper at this time.

### 3. Causation

In the Response to this Motion, the Plaintiff contends that summary judgment is not appropriate in this case. Specifically, the Plaintiff points to a fire analysis report completed by Mr. Rumplasch. As stated above, this report indicates that an analysis of the Defendants' garage after the fire revealed that an extension cord used to plug in Christmas lights caused the fire. Specifically, Mr. Rumplasch's analysis states in pertinent part, "[a]fter examining the metal rack and extension cord along with the complete examination of the EZ-GO golf cart, it was then determined that the fire had originated at the extension cord that was intertwined and twisted

within the metal rack shelving unit that supplied electricity for the Christmas lights located at the front of the house." (Doc. #56, Ex. 3, P. 8).

In addition, the Plaintiff provided an affidavit from an expert witness, Robert House, in support of Mr. Rumplasch's analysis. In the affidavit, Mr. House indicates that the evidence available to Mr. Rumplasch was not available to him, preventing him from saying for certain what caused the fire; however, Mr. House does indicate that Mr. Rumplasch's analysis is "supported by scientific principles." (Doc. #56, Ex. 5, P. 5). Specifically, Mr. House states that "based upon my training, education[,] and experience, when an extension cord is interlaced and twisted within a shelving unit and objects placed on top of it, the extension cord loses its ability to dissipate heat when it has electricity flowing through it, thus making it an ignition source for a fire." (Doc. #56, Ex. 5, P. 5).

Although the Defendants satisfied the initial responsibility of showing the Court the basis for its Motion, the Plaintiff made a showing sufficient to establish the existence of a genuine issue of material fact regarding an essential element of his claim. As stated above, the Plaintiff provided the Court with two separate affidavits from fire experts, which indicate that there is the possible existence of a negligence claim. When these two affidavits are viewed in the light most favorable to the Plaintiff, the non-moving party, it is clear that the Plaintiff has successfully cited to items in the record that could substantiate the claims. Specifically, these two affidavits substantiate the Plaintiff's allegations in his Complaint that the cause of the fire was negligently hung Christmas lights. Furthermore, as shown in the standard above, this Court's duty is not to determine credibility or weigh the evidence, rather this Court simply looks to whether the non-moving party provided enough of a basis to have a possibility of meeting the burden of proving these claims at trial, which the Plaintiff satisfied here. Therefore, because there remains a

genuine issue of material fact regarding the cause of the fire in the Defendants' garage, summary judgment is not proper at this time.

Accordingly, it is now

**ORDERED:**

Defendant, Theodore Beahm's Motion for Final Summary Judgment (Doc. #48) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of July, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record